GOODWIN, Senior Circuit Judge,
dissenting:
When reviewing a summary judgment, we must resolve all reasonable inferences of fact in favor of the nonmoving party. Goddard v. Urrea, 847 F.2d 765, 767 (11th Cir.1988). Because I believe a question of material fact exists, (whether Hancock was there merely to “keep the peace”); and because the law was clearly established that a sheriff without a court order could not lawfully participate in the seizure of private property, I respectfully dissent.
The majority concludes that Hancock could not have assisted with the repossession because the Blazer was already exiting the Cofields’ property at the time the Cofields reached their front door. See majority opinion at 471. This conclusion does not account for the assistance Hancock had already provided through his agreement to accompany the Belyeu Chevrolet employees to the Co-field house. Without the security provided by Hancock’s presence, the Belyeu employees may not have been emboldened to attempt the repossession.
Hancock claims that his assistance was solely for the purpose of “keeping the peace,” but that claim is contradicted by the testimony of Evans, who solicited Hancock’s aid. Evans testified that he never told Hancock he was fearful of the Cofields, nor did he indicate that he wanted Hancock’s presence for security purposes.
Moreover, even if Hancock had not yet assisted the repossession when the Cofields opened their door, the Cofields testified that Roy Cofield attempted to go after the Blazer as it was being driven off. When he did so, Hancock informed Roy that if he interfered with the repossession he would be arrested. A reasonable fact finder could conclude from this evidence that Hancock did not just “keep the peace,” but in fact assisted with the repossession.
If Hancock in fact participated in the repossession, his actions violated clearly established law. “The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated_” Amendment 4, Constitution of the United States.
The Supreme Court clarified the purpose of the Amendment in United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984):
This text protects two types of expectations, one involving “searches,” the other “seizures.” A “search” occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A “seizure” of property occurs when there is some meaningful interference with an individual’s possessory interests in that property.
The district court found Jacobsen inapplicable as it was a criminal case dealing with the seizure of cocaine, and the Cofields’ seizure was a private taking of personal property. However, the Fourth Amendment protects “the people,” not exclusively “the criminally charged.”
*473 The defendants argued that the application of the Fourth Amendment to cases of this kind was not clearly established law until confirmed by the Supreme Court’s opinion in Soldal v. Cook County, Ill., 506 U.S. 56, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992). In Soldal, a landlord wished to remove a tenant’s trailer from the trailer park for failure to pay rent. The landlord did not wish to wait for the necessary eviction papers, and asked the sheriffs department to assist in a “self-help” eviction. The sheriff accompanied the landlord to the park, and allowed the trailer to be removed from the premises. The Court held that a “seizure” had occurred within the meaning of the Fourth Amendment, remanding the case to determine if the seizure was “reasonable.”
It matters not that Soldal was decided after the seizure in this case. We need not wait for the Supreme Court explicitly to declare a law “clearly established” before finding its violation unprotected by qualified immunity. Soldal did not claim to be fashioning new law. To the contrary, the Court stated that its holding fell within a long line of precedent, including Jacobsen, 466 U.S. 109, 104 S.Ct. 1652. While recognizing that a new emphasis had been placed on the amendment’s protection of privacy, the Court stated “[t]here was no suggestion that this shift in emphasis had snuffed out the previously recognized protection for property under the Fourth Amendment.” Soldal, 506 U.S. at 64, 113 S.Ct. at 545.
The majority seeks to distinguish Soldal because it involved a “patently unlawful” eviction. See majority opin. at 471. However, the comparative lawlessness of the two seizures is elusive. In both cases, legitimate civil cause existed for the seizures, but the requisite judicial process was lacking.
The availability of “self-help” repossession in the present case is of no consequence. Belyeu’s apparently friendly relations with the sheriff permitted an “self-help” exercise to take on the character of augmented self-help. The relevant law provides “In taking possession [of collateral] a secured party may proceed without judicial process if this can be done without breach of the peace.... ” Ala.Code § 7-9-503 (1993) (emphasis added). Once the presence of law enforcement officers is necessary, “self-help” no longer applies and judicial process is required.
Assuming the Cofields’ allegations are true, an issue for the trier of fact to decide, Hancock’s assistance in the repossession of the Blazer violated clearly established Fourth Amendment law. Hence, Hancock’s actions are not, as a matter of law, protected by qualified immunity.
I respectfully dissent.